NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 8, 2017
Decided March 8, 2016

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 16-1450

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
| *v.* | |
| | No. 1:14CR00067-003 |
| GERARDO BALTIERRA, | |
| *Defendant-Appellant*. | Sarah Evans Barker, |
| | *Judge*. |

**O R D E R**

Gerardo Baltierra was caught trafficking cocaine in Indianapolis and later pleaded guilty to conspiracy to possess and distribute a controlled substance, *see* 21 U.S.C. §§ 846, 841(a)(1). The district court sentenced Baltierra to 188 months' imprisonment. Baltierra's plea agreement includes a broad appeal waiver, but he still filed a notice of appeal. His appointed lawyer has moved to withdraw on the ground that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Counsel has submitted a brief that explains the nature of the case and addresses potential issues that an appeal of this kind might be expected to involve. Baltierra has not accepted our invitation to comment on counsel's motion. *See* CIR. R. 51(b). We limit our review to the

potential issues that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel begins by noting that Baltierra has no interest in challenging his guilty plea, and thus counsel appropriately forgoes any discussion of the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Counsel considers challenging the length of Baltierra's prison sentence but properly concludes that to do so would be frivolous because the guilty plea is valid and thus, so is the appeal waiver, *see United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011), and counsel has not identified any exception that would apply here, *see United States v. Adkins*, 743 F.3d 176, 192–93 (7th Cir. 2014).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.